### E. A. Bowles v. W. W. Glasgow.

1. An answer verified by the oath of an attorney need not show that the material allegations were known personally to the client, provided they were stated to be within the personal knowledge of the attorney.

2. The acceptance by an agent or attorney of Confederate money as satisfaction of a debt due to his principal or client, was no payment unless it was previously authorized or subsequently ratified by the principal or client.

Appeal from Hill. Tried before the Hon. F. P. Wood. The material facts are sufficiently indicated by the opinion.

*Amzi Bradshaw* for the appellant.

No brief for the appellee.

OGDEN, J.—There is error in the judgment of the District Court in this cause, in striking out appellant's answer to the petition for an injunction. The reasons for striking out that answer do not appear, excepting in the motion to strike out, filed by the plaintiff below. And the petition and answer show most conclusively that the grounds set out in the motion are either not true, or are wholly insufficient to authorize the ruling of the court on the same.

The judgment of the court recites the fact, and the pleadings prove that recitation to be true, that Mrs. Bowles came in and made herself a party, and by her attorney filed an answer, and that answer was sworn to by the attorney, perhaps the only living person who could make oath to the material allegations of the answer; and it was not necessary that the answer or the affidavit thereto should show that any of the allegations contained in the answer were within the personal knowledge of Mrs. Bowles, so that they were sworn to by the attorney who personally knew the facts stated. The answer showed a complete defense to the injunction, and, if proven to be true, the injunction should have been dissolved.

The judgment enjoined, so far as the pleadings show, was a good and subsisting judgment, and Mrs. Bowles had a right to her execution. The alleged payment, if made as the answer shows, was no payment at all. In the first place, payment to an agent or attorney, of a subsisting debt, in what was known as Confederate money, is and was no payment, unless the principal had given his agent or attorney express authority to receive such money in payment, or unless he subsequently ratified the act of his agent or attorney. And in the second place, the answer alleges gross fraud in inducing the attorney to receive in payment for the judgment what he did. If this be true, and the defendant under the pleadings had a right to be heard, by his witnesses, to sustain the allegation, then the payment is a nullity, and should be so regarded by the court.

The judgment is reversed and the cause remanded, to be proceeded in according to this opinion.

Reversed and remanded.